IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRETT T. DUFFY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 17-1117 (JBS/AMD) |
| THE ABSECON POLICE DEPARTMENT, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Thomas B. Duffy, Esq.
739 Bayview Drive
Absecon, NJ 08201
    Attorney for Plaintiff

Vanessa Elaine James, Esq.
A. Michael Barker, Esq.
BARKER, GELFAND, JAMES & SARVAS, P.C.
Linwood Greene
210 New Road, Suite 12
Linwood, NJ 08221
    Attorneys for Absecon Defendants

Christopher Joseph Riggs, Deputy A.G.
State of New Jersey Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625
    Attorney for State Defendants

**SIMANDLE, District Judge:**

## I.    INTRODUCTION

In this case, Plaintiff Brett Duffy ("Plaintiff") asserts a

variety of statutory and constitutional claims against several

Defendants, apparently arising out of his arrest and prosecution in 2014. This matter is presently before the Court on three motions: a Motion to Dismiss [Docket Item 27] the Second Amended Complaint [Docket Item 21 ("SAC")] as against Defendants Judge Julio Mendez, A.S.J.C., Judge Glenn Grant, J.A.D., Acting AOC Administrative Director,[1] Office of the Attorney General of New Jersey, the New Jersey Administrative Office of the Courts, the Office of the Prosecutor of Atlantic County, the State of New Jersey, and Vicinage I of the Superior Court (collectively, "State Defendants"); a Motion to Dismiss [Docket Item 28] the SAC by Absecon Mayor John Armstrong, Absecon Officer Christopher Cavileer, Former Absecon Chief of Police David Risley, Absecon Police Department, and City of Absecon (collectively, "Absecon Defendants"); and Plaintiff's Motion to Amend/Correct the "Federal Complaint, if necessary" [Docket Item 43]. Substantial difficulty is presented in ascertaining which claims are asserted as against which Defendants, and it is in part for this reason that the Court will grant State Defendants' and Absecon

---

[1] Plaintiff includes both judges in the caption of the SAC, but states, at ¶ 96 of the SAC: "**Judges Julio Mendez, A.S.J.C.** and **Glen Grant, J.A.D., Acting AOC Administrative Director**, at the moment, because the actions against these two judges are partly moot and a Federal Court cannot address most, if not all, of the issues because of 'abstention,' etc., the judges are being released from this lawsuit. Since their conduct is continuous, the action can be refiled in State Court anytime in the foreseeable future." [Docket Item 21 ¶ 96.]

Defendants' Motions to Dismiss, in large part without prejudice as detailed more fully herein. The Court will also deny Plaintiff's Motion to Amend/Correct without prejudice.

Several issues are presented. Defendants move to dismiss, inter alia, on the grounds that Plaintiff's SAC does not consist of a short, plain statement of his causes of action and the supporting factual grounds thereof in violation of Rule 8, Fed. R. Civ. P.; that Plaintiff's descriptions of his claims are implausible and conclusory and thus fail to state a claim under Rule 12(b)(6), Fed. R. Civ. P.; that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); that the SAC fails to allege a prima facie claim of disability discrimination; and that certain claims should be dismissed as against certain defendants for a variety of other reasons.

The Court turns to the instant motions.

## II. BACKGROUND

### A. Factual Background[2]

On April 17, 2014,[3] Plaintiff was arrested by officers of the Absecon Police Department for possession of a pellet gun

---

[2] All factual information is derived from the SAC and properly supportive documentation thereto. For purposes of this motion, the Court must accept Plaintiff's allegations as true.

[3] This date does not appear anywhere in the SAC proper. It first appears in a supporting exhibit, namely, the superseding indictment of Plaintiff, dated June 3, 2014. [Docket Item 21-1 at 55.]

after discharging the pellet gun in Absecon. At the time, he was 21 years old. [Docket Item 21-1 at 29.] While in custody, Plaintiff alleges, he attempted suicide, was taken to the hospital, taken from the hospital by police against medical advice, and continually denied access to his lawyer (and father), who is also his counsel in this case. Plaintiff also claims his rights against self-incrimination (under Miranda) and his right against unreasonable searches and seizures were violated. Plaintiff further complains that these actions led to a subsequent, avoidable, second suicide attempt a few days later that would not have occurred had he not been removed from the hospital against medical advice.

After he was arrested, Plaintiff was subsequently indicted on two charges: unlawful possession of a weapon in the third degree, N.J.S. 2C:39-5c(1), for "knowingly and unlawfully . . . possess[ing] a firearm, to wit: a GAMO .177 CALIBER PELLET GUN without first having obtained a firearms purchaser identification card in accordance with the provisions of N.J.S. 2C:58-3; contrary to the provisions of N.J.S. 2C:39-5c(1), and against the peace of this State, the government and dignity of the same[;]" and unlawful possession of a weapon in the fourth degree, for "knowingly and unlawfully . . . possessing a certain weapon, to wit: a MACHETE under circumstances not manifestly appropriate for such lawful uses as it may have; contrary to the

provisions of N.J.S. 2C:39-5d, and against the peace of this State, the government and dignity of the same." [Docket Item 21-1 at 55-56.]

Subsequent to his indictment, Plaintiff eventually entered the Pre-Trial Intervention program ("PTI"). Plaintiff claims that his entry into PTI was delayed either because he is disabled or because he is believed to be disabled, stating that the court system and actors within it do not allow people with "mental illness" to participate in PTI, but rather must take part in "mental illness probation" instead, which is less favorable to criminal defendants than PTI is, as mental illness probation results in a conviction, whereas PTI does not. [SAC at 34.][4]

---

[4] "The PTI program is governed by N.J.S.A. 2C:43-12 and the [New Jersey] Supreme Court's guidelines provided in Rule 3:28." State v. Fordham, No. 13-11-0677, 2016 WL 2636519, at *1 (N.J. App. Div. May 10, 2016). PTI "[p]rovide[s] applicants, on an equal basis, with opportunities to avoid ordinary prosecution by receiving early rehabilitative services or supervision[.]" N.J.S.A. 2C:43-12(a)(1). A guilty plea may, but need not, be entered by a defendant before enrolling in PTI: "Enrollment of a defendant in PTI is not to be conditioned on an admission of guilt by the defendant." State v. Chambers, No. 13-11-2069, 2015 WL 9381231, at *1 n.2 (N.J. App. Div. Dec. 24, 2015)(citing State v. Moraes-Pena, 386 N.J. Super. 569, 578-79 (App. Div.), certify. denied, 188 N.J. 492 (2006)).

It is unclear from the SAC what the status of the state court case against Plaintiff actually is. While it appears that Plaintiff has been admitted to PTI [Docket Item 42 at 2], the record does not reflect: whether Plaintiff pled guilty to any charge, whether a conviction was entered (on even a conditional basis), whether there was any colloquy or admission of guilt, or related information. The Court notes that such information may

Plaintiff complains that certain actions taken against him in the course of his arrest and the ensuing criminal case constituted violations of his rights and/or disability discrimination. Plaintiff claims that he was discriminated against, retaliated against, and harassed because he is disabled, in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the New Jersey Law Against Discrimination ("NJLAD"). Id. at 29-36. Plaintiff claims that he is "a qualified person with disabilities. Specifically, he has various developmental disabilities, Neurofibromatosis Type I and cerebral palsy[.]" Id. at 2. He also claims that the retaliation has violated his First Amendment rights. Id. at 30.

With regard to his claims under 42 U.S.C. § 1983 and the analogous New Jersey Civil Rights Law, Plaintiff claims that the facts in the SAC "have intimidated Brett from exercising numerous Constitutional Rights including, but not limited to, Free Speech, Redress of Grievances (1st), 2nd Amendment Rights,[5] the Right to be free from illegal searches and seizures (4th),

---

be relevant to arguments about abstention and/or whether Plaintiff's claims are barred under Heck.

[5] Paragraph 59 of the SAC elaborates that this is based on alleged entrapment by the Absecon Defendants who "told Brett on April 8th, 2014 that he was within the purview of that Amendment (or outside the scope of New Jersey [l]aws) while voluntarily registering his pellet device and then charging him as though he were outside the protection of that Amendment and liable under its laws."

Right to Counsel (5th Amendment), and to be free from cruel and unusual punishment (8th), and Due Process Rights and the right to disability advocacy without retaliation for a given cause for which he may advocate. Specifically, the defendant have violated Brett's rights of Due Process and Equal Protection Rights under the 14th Amendment itself and these amendments by incorporation: 1st,2nd,4th,5th, and 8th Amendments." Id. at 37. Plaintiff claims municipal liability pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Id. ¶¶ 54-55, 64-65, 67.

Plaintiff requests compensatory damages, equitable remedies, and also asserts a claim under the New Jersey Declaratory Judgment Act, whereupon he requests a variety of specific equitable remedies. Id. at 39-42.

### B. Procedural Background

The Court notes at the outset that, at all times during the pendency of this litigation, Plaintiff has been represented by licensed counsel, Thomas B. Duffy, Esq., who is also Plaintiff's father. Plaintiff is therefore not subject to the generous pleading standards afforded to plaintiffs proceeding pro se, see generally Erickson v. Pardus, 551 U.S. 89, 94 (2007)("A document filed pro se is to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'")(internal citations omitted).

Although Plaintiff claims that he has a qualified disability, there is no suggestion in the SAC that Plaintiff is, with regard to this action, a minor or incompetent person, either with, Fed. R. Civ. P. 17(c)(1), or without, Fed. R. Civ. P. 17(c)(2), a representative.

Plaintiff's submissions, including the SAC, the Response in Opposition, and the Motion to Amend, are all then assessed according to the general standards required of licensed attorneys in both the Local Rules and the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 11(b). See Chan v. FIA Card Svcs., No. SACV 10-1300 DOC (JCx), 2010 WL 11558108, at *4 n.2 (C.D. Cal. Oct. 28, 2010)("The Court further notes that Plaintiff is not pro se but is represented by counsel presumably capable of understanding the elements of [a statutory claim] and alleging appropriate facts in support of this claim.") Notwithstanding certain provisions in the SAC (see, e.g., Docket Item 21 at 30, claiming a First Amendment violation because a defendant "has kept both Father and Son Duffy from speaking or advocating for people with disabilities"), the Court further notes that Plaintiff's counsel is not a party to this action and the Court does not understand him to assert violations of his own rights, nor any claims as the parent, representative, guardian, or guardian ad litem of Plaintiff.

Plaintiff initially filed this action in New Jersey state court, in the Law Division of Cumberland County [Docket Item 1-2 at 2] and filed an amended complaint in state court (styled as the First Amended Complaint, id.), whereupon it was timely removed by Absecon Defendants [Docket Item 1].

The matter was initially assigned to Judge Renee Bumb, U.S.D.J. Pursuant to Judge Bumb's internal procedures, the Defendants requested [Docket Items 7 & 8] and Judge Bumb subsequently held a pre-motion conference [Docket Item 19] to address alleged deficiencies in Plaintiff's pleadings. As a result of the conference where these alleged deficiencies were discussed, Judge Bumb issued an Order directing Plaintiff to file an Amended Complaint [Docket Item 20], whereupon Plaintiff filed the SAC [Docket Item 21].

Defendants again requested a pre-motion conference regarding dismissal [Docket Items 22 & 23]. However, the case was thereupon transferred to Judge Robert B. Kugler [Docket Item 25], who does not require such conferences and advised Defendants to submit the motions that they thought proper [Docket Item 26]. The instant motions followed, and the case was subsequently reassigned to the undersigned. [Docket Item 33.]

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the nonmoving party. A motion to dismiss may be granted only if a court concludes that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Although the court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678.

In addition, the complaint must contain enough well-pleaded facts to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "If the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (internal quotation marks and citation omitted).

Under Rule 9(b), a plaintiff "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "A plaintiff alleging fraud must therefore support its allegations with all of the essential factual background that would accompany the first paragraph of any newspaper story--that is, the who, what, when, where and how of the events at issue." U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC, 812 F.3d 294, 306 (3d Cir. 2016)(internal quotation omitted). "[T]he plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). Plaintiffs alleging a misrepresentation "also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004)(abrogated on other grounds).

**B. Motion to Amend a Complaint**

Federal Rule of Civil Procedure 15(a) permits a party to amend his pleading before trial as a matter of course in limited circumstances, or otherwise with the consent of the opposing

party or the court's leave. Plaintiff filed his Motion to Amend several months after Defendants' Motions to Dismiss, and was therefore not within the 21-day window to amend as of right under Federal Rule of Civil Procedure 15(a)(1). Rule 15(a)(2) permits Plaintiff to amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Although "[t]he court should freely give leave when justice so requires," id, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile, meaning that the complaint, as amended, would fail to state a claim upon which relief could be granted. Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

In assessing "futility," the court applies the same standard of legal sufficiency as applies under Fed. R. Civ. P. 12(b)(6). Shane, 213 F.3d at 115. In other words, the amended complaint must be dismissed (or leave to amend ought not be granted) if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable

12

to the plaintiff, a court concludes that the plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV. DISCUSSION

As a general matter, the SAC asserts claims that Plaintiff was denied, by the Absecon Police Department, his "1st, 2nd, 4th, 5th & 8th Amendment Rights (as applied to the States via the 14th Amendment) as well as his simple 14th Amendment Rights to Due Process and Equal Protection." SAC ¶ 53. He also claims violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), and the New Jersey Law Against Discrimination ("NJLAD") for disability discrimination and retaliation as "the Absecon Police Department and its arrest procedures and evidence gathering procedures (or lack thereof) are 'public accommodations' within the meaning of

the LAD and are a service, program or activity under both the

ADA and § 504." <u>Id.</u>

Sorting the SAC into claims, the facts supporting such

claims, and the defendants against whom those claims are

asserted appears, to this Court, to be unreasonably difficult.

The SAC, for example:

- Fails to plead a coherent narrative establishing the who, what, where, when, and how of the factual allegations and does not even include the date of the arrest that led to the events at issue;

- Names two judges as defendants in the caption but then states that they are being "released" from the lawsuit--but could be subject to a "refiled" lawsuit in state court "at any time" [SAC at ¶ 96];

- Asserts a panoply of constitutional claims but then designates "the 5th Amendment violation" as "certainly the main violation by the Absecon Defendants" and states that it "may" "subsume all the other Constitutional Violations, except those involving the 8th Amendment." The SAC goes on to state that "Defense counsel is encouraged to seek such a stipulation to simplify the case[,]" ¶ 61, while apparently overlooking the simple and clear necessity that <u>the SAC is required to state which causes of action it asserts</u>, not which ones it asserts that may (or may not?) subsume other ones, subject to a possible, hypothetical stipulation that the defendants may seek at their election;

- Asserts a mixture of violations of the rights and/or retaliation against Plaintiff with those of or against Plaintiff's counsel, who is not a party to this action and does not have standing in this case to assert violations of his rights or retaliation against him rather than against Plaintiff;

- Contains subheadings that do not clearly delineate sections (<u>cf.</u>, <u>e.g.</u>, "Summary of Facts" [SAC at 2] with "The Prosecutor & Vicinage I" [<u>id.</u> at 9]) and confuse, rather than enlighten, the reader;

- Contains numerous accusations against non-defendants (e.g., accuses state court clerks of committing "several felonies" by holding a filing so that it could be marked as late <u>in an unrelated case</u>) that are at most only tangentially relevant [SAC ¶ 46];

- States causes of action as offhand asides, in places where they would not reasonably be expected to be found (e.g., at the end of the subsection entitled "The Prosecutor & Vicinage I," Paragraph 51 states, in full, as follows:

  > 51. The Prosecutor and the Vicinage had at least two goals with Brett's case. First, to try to convict him in order to limit the liability in any suit he filed. Second, and especially if Goal #1 failed, to drag out the case past the statute of limitations for this action. Keeping the threat of prosecution and conviction over Brett's head until there was a *quid pro quo* that he didn't file this suit. Certainly, § 1983 was designed to address issues such as this via an analogy to abuse of process, malicious prosecution or simply the illegality of trumped up charges. **Any place § 1983 is mentioned it shall also include the nearly identical New Jersey Civil Rights Law.**

  (emphasis in original.) Immediately following Paragraph 51 is a new subheading, "The Parties.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to file a complaint "that states a claim for relief" and contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d) requires "[e]ach allegation" to "be simple, concise, and direct." "Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." <u>In re Westinghouse Secs. Litig.</u>, 90 F.3d 696, 702 (3d Cir. 1996)(internal quotation and citation omitted).

The Court finds well-taken Defendants' argument that the SAC in its current form does not allege non-conclusory factual grounds to support the claim that Plaintiff was barred from accessing a public service based on his disability (real or perceived), or that he was treated differently from someone without a qualified disability. More fundamentally, the SAC fails to make allegations with sufficient specificity to place Defendants on notice of what they are accused of, and, in a broader sense, what are the actual contours of this suit. Dismissal pursuant to Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)(quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). The Court finds that the SAC falls into that category, and will dismiss it for its failure to comply with Rule 8. See Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011)("Citing Fed. R. Civ. Pro. 8(a)(2), the Magistrate Judge concluded that Binsack's complaint, although voluminous, was vague and ambiguous, and that he had failed to provide a short and plain statement of each claim against each defendant: the defendants could not meaningfully respond to his complaint"; panel agreed that complaint "was anything but 'simple, concise and direct.' Fed. R. Civ. Pro. 8(d)(1). It is so excessively

16

voluminous and unfocused as to be unintelligible. The complaint
defies any attempt to meaningfully answer or plead to it, and it
left the defendants having to guess what of the many things
discussed constituted deliberate indifference on their part, or
whether Binsack intended to also include a count that
correctional officials failed to protect him from other
inmates"); Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir.
2011)(affirming dismissal where complaint pro se plaintiff
"submitted was . . . 'rambling and unclear'").

It is clear from reading the SAC, with all due deference to
Plaintiff as the non-movant, that most (though perhaps not all)
of its allegations are conclusory and speculative and cannot
stand under Iqbal and Twombly; it is even more clear that,
including as it does numerous digressions and tangents, it
manifestly does not constitute a "short and plain statement of
the claim[s] showing that" Plaintiff is entitled to relief; nor
can its allegations reasonably be described as simple, concise,
or direct. The Court agrees with Absecon Defendants when they
state that "it is not the length of the pleading which *ipso
facto* renders it inadequate but its lack of coherence, its
constant digressions . . . and its compound averments[,] which
severely hinder Defendants' ability to meaningfully respond to
the pleading and understand the precise parameters of
Plaintiff's causes of action." [Docket Item 44 at 8.]

The Court further notes, as did Defendants [Docket Item 27-2 at 13], that the attachment of more than ninety pages of exhibits to the SAC, with many of those pages concerning unrelated cases that predate Plaintiff's arrest by as many as ten years, is, in the main, unhelpful. "[B]ecause this case is only in the pleading stage, [the plaintiff] need not prove his claims with evidence at this time. By inundating the court with evidence at this stage in the proceedings, [he] only burdens the court, confuses the records, and delays his lawsuit. . . . [I]n amending his complaint, plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights[.]" Moon v. Mullin, No. 2:11-cv-3277 EFB P., 2012 WL 3205363, at *3 (E.D. Cal. July 31, 2012).

The Court finds that the SAC, because of its conclusoriness, prolixity, internal contradictions and equivocations, digressions, compound averments and general disorganization, does not give fair notice to Defendants of the claims against them, nor of the factual grounds that, if true, would serve to support such claims. Accordingly, the Court will GRANT Defendants' Motions to Dismiss the SAC; such dismissal shall be without prejudice except as noted below.

Because the SAC does not pass muster with either Rule 8 or Iqbal/Twombly, the Court does not address State Defendants' substantive argument that Plaintiff has failed to allege facts

18

that show that his alleged injury was caused by his disability
(rather than Plaintiff's own unrelated conduct), or that he was
"treated differently based on . . . [his] disability.'" [Docket
Item 27-2 at 15, quoting CG v. Pa. Dep't of Educ., 734 F.3d 229,
235-36 (3d Cir. 2013).] What was the differential treatment?
Which defendants did what? When? What was the resulting injury
or other harm? The Court also does not address the argument made
by State Defendants in their reply that Plaintiff's claims based
on the allegedly lost PTI application are moot because Plaintiff
has now entered into PTI. [Docket Item 42 at 2.] Is Plaintiff
claiming, notwithstanding his admission into PTI, that delay in
doing so violated some constitutional or statutory right and
caused cognizable harm?

Nor does the Court address Absecon Defendants' argument
that Plaintiff's constitutional claims against them fail because
they are barred pursuant to Heck v. Humphrey, 512 U.S. 477
(1994), and that the LAD, ADA, and RA claims should also be
deemed Heck-barred pursuant to a line of unpublished district
court cases. [Docket Item 28-1 at 15-17, 17-19.] The Court
similarly does not address Absecon Defendants' arguments that
the SAC fails to plead facts to support its claim of municipal
liability under Monell, id. at 19-22; or that the SAC does not

plead sufficient factual allegations as to the liability of individual defendant Armstrong, id. at 23-24.[6]

The Court does note, however, as State Defendants correctly state, that "the ADA, RA, and NJLAD permit claims only against public entities, not against individuals. See Emerson v. Theil Coll., 296 F.3d 184, 189 (3d Cir. 2002)." [Docket Item 27-2 at 16.] To the extent that the SAC asserts ADA, RA, or NJLAD claims against individual defendants, such claims are DISMISSED with prejudice.

Further, the Court also agrees with Absecon Defendants' argument that the claims against the Absecon Police Department are duplicative of the claims against the City of Absecon. [Docket Item 28-1 at 22-23.] See, e.g., Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 367 (E.D.Pa. 2002)("In § 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police departments are merely administrative agencies of the municipalities--not separate

---

[6] The Court also does not address Plaintiff's somewhat conclusory request that some or all of the case be remanded pursuant to this Court's abstention [Docket Item 41 at 7]. If Plaintiff obtains leave to file a Third Amended Complaint, as discussed herein, and if Plaintiff wishes to press this argument in more than merely conclusory fashion, he may file a motion to remand, subject (as always) to the requirements of Rule 11, including clear briefing of the abstention doctrine Plaintiff seeks to invoke and the applicability of that doctrine to the various causes of action asserted in the Third Amended Complaint.

judicial entities."). The § 1983 claims against the Absecon
Police Department are, therefore, DISMISSED <u>with</u> prejudice.
(This does not preclude assertion of well-pleaded § 1983 claims
against individual officers who are "persons" under that
statute.)

The Court further finds that State Defendants are correct
when they state that the "public entity State Defendants are not
'persons' within the meaning of § 1983. <u>Will v. Mich. Dep't of
State Police</u>, 491 U.S. 58, 70-71 (1989)("neither a State nor its
officials acting in their official capacities are 'persons'
under § 1983")." [Docket Item 42 at 3.] Moreover, Plaintiff
appears to consent to such dismissal. SAC ¶ 99. Accordingly, all
§ 1983 claims against the public entity State Defendants and the
State officials named as defendants in their official capacities
are DISMISSED <u>with</u> prejudice.

Finally, as to Plaintiff's Motion to Amend [Docket Item
43], the Court notes Plaintiff's failure to comply with Local
Civil Rule 7.1(f), which requires the attachment of the proposed
Amended Complaint to such a motion. This rule serves the
purposes of efficiency and economy; neither the opponents of
such a motion (as Absecon Defendants note [Docket Item 45 at 6-
7]), nor the Court, can assess the futility of such a motion, as
is required when determining whether leave to amend should be
granted, without having a proposed Amended Complaint to assess.

For this reason, Plaintiff's Motion to Amend shall be DENIED. However, such denial shall be without prejudice, except that claims dismissed <u>with</u> prejudice herein may not be asserted in a subsequent amended pleading.

Nevertheless, the Court finds well-taken Plaintiff's counsel's assertion in the motion's certification that, if granted leave to amend, he plans to "hire a disability rights lawyer" "to draft any new complaint." [Docket Item 43 ¶ 23.] It should not require a "civil procedure professor," <u>id.</u>, however, to construct a complaint that meets these basic threshold pleading requirements, as practitioners before this Court do so without incident every day.

Notwithstanding what Defendants characterize as Plaintiff's "ample opportunity" to cure the defects in his pleadings, the Court will entertain, within twenty-one (21) days from the entry on the docket of this Opinion and the accompanying Order, a renewed Motion to Amend the Complaint that complies fully with all applicable Local Rules (including by attaching the proposed Third Amended Complaint) and the Federal Rules of Civil Procedure.[7] The Court notes that it would anticipate that any

---

[7] The Court expects, accordingly, that Plaintiff will include as Defendants in any proposed Third Amended Complaint only those defendants against whom he actually intends to assert claims and will not name such Defendants in the caption but then announce in the body of such proposed Third Amended Complaint his

further dismissals may well be with prejudice. See, e.g., Moriarty v. DiBuonaventura, No. 14-cv-2492(JBS/AMD), 2015 WL 1469515, at *4 (D.N.J. Mar. 30, 2015)("Plaintiff's Amended Complaint fails to plead plausible claims for relief and fails to cure the deficiencies of the original Complaint. The Court previously identified these deficiencies and gave Plaintiff an opportunity to cure them. Because Plaintiff has, again, failed to plead plausible claims for relief in non-conclusory terms, Plaintiff's claims against the WTPD will be dismissed with prejudice."); Mann v. Brenner, 275 F. App'x 232, 240 n.9 (3d Cir. 2010)(affirming dismissal of second amended complaint with prejudice because allowing plaintiff "a fourth bite at the apple would be futile").

## V. CONCLUSION

The Motions to Dismiss shall be granted without prejudice for the foregoing reasons and an accompanying Order will be entered, with the exception that 1) any NJLAD, RA, or ADA claims against individual Defendants are dismissed with prejudice; 2) any § 1983 claims against the Absecon Police Department are dismissed with prejudice; and 3) any § 1983 claims against the public entity State Defendants and any State officials in their

---

intention to "release" them. That is not a proper method of litigation.

official capacities are dismissed with prejudice. Plaintiff's Motion to Amend is denied without prejudice. Plaintiff may submit a renewed Motion to Amend, including a proposed Third Amended Complaint pursuant to L. Civ. R. 7.1(f), within twenty-one (21) days. The accompanying Order is entered.

**July 12, 2018**                    **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     U.S. District Judge