UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRETT T. DUFFY,<br><br>        Plaintiff,<br><br>  v.<br><br>THE ABSECON POLICE DEPARTMENT, et al.,<br><br>        Defendants. | HONORABLE NOEL L. HILLMAN<br><br>Civil Action No.<br>17-1117 (NLH/JS)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

This matter comes before the Court by way of a Stipulation of Dismissal filed by the parties in this case. (See Stipulation [Docket Item 110].) The stipulation reflects the parties' agreement to dismiss with prejudice all of Plaintiff's federal claims against Defendants, and to remand the matter to state court. Defendants had removed Plaintiff's case from state court pursuant to 28 U.S.C. § 1331 based on Plaintiff's federal claims, with the Court having supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).[1]

---

[1] Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such

Jurisdiction under 28 U.S.C. § 1331(a), diversity of citizenship, is not an available basis for jurisdiction because Plaintiff and Defendants are all citizens of New Jersey.

Ordinarily, post-removal stipulations between the parties that alter an element of subject matter jurisdiction, which had been properly established at the time of removal, in an attempt to return to state court are without force. See, e.g., Tom's Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc., 2018 WL 5294510, at *2 (D.N.J. 2018) (declining to endorse the parties' "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court," where the amended complaint would add a non-diverse party, because the filing of the plaintiff's amended complaint would not defeat subject matter jurisdiction if such jurisdiction existed at the time the defendant removed plaintiff's original complaint) (citing Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) ("It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'"); St. Paul

---

    supplemental jurisdiction shall include claims that involve
    the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

2

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294–95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court."); St. Paul Mercury Indem. Co., 303 U.S. at 292–93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

The parties have endeavored to do a similar thing here. Technically, their post-removal stipulation for the remand of the case to state court does not provide the mechanism for remand. The parties cannot unilaterally consent to the remand of the case when this Court has subject matter jurisdiction over the action.[2]

---

[2] Indeed, that was the reason behind the Court's September 11, 2019 Order, which provided Plaintiff leave to file either a stipulation of voluntary dismissal of his entire case pursuant to Rule 41(a)(1)(A)(ii), or a motion to remand the case to Cumberland County Superior Court, Law Division. (See Order [Docket Item 108], 1-2.)

3

Their stipulation is not entirely without any force, however, because Plaintiff's voluntary dismissal of his federal claims within that stipulation provides a basis for the Court to consider whether, in its discretion, it should continue to exercise subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

"Section 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness, and comity' counsel that the district court remand state claims to a state forum." Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (quoting City of Chicago v. International College of Surgeons, 522 U.S. 156, 167 (1997)) (other citation omitted) ("The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."). Section 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,
>
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or

>     (4) in exceptional circumstances, there are other
>     compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Through Plaintiff's stipulation dismissing his federal claims, the claims over which this Court had original jurisdiction are no longer in the case. Further, the only remaining claims arise under state law for violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. Thus, the Court finds that it will decline to exercise supplemental jurisdiction over Plaintiff's remaining claims under § 1367(c)(2) and (3), and the Court will remand the matter to state court.[3]

---

[3] Because Plaintiff's case was removed from state court, rather than filed here originally, the Court will remand, rather than dismiss, this action. See, e.g., Monk v. New Jersey, 2014 WL 4931309, at *3 (D.N.J. 2014) (declining to continue exercising supplemental jurisdiction over the plaintiff's state law claims after the dismissal of the plaintiff's federal claims, and determining that "[r]ather than dismiss this case outright, however, the Court has discretion to remand this matter and the remaining state law claims back to the state court for further adjudication") (citing Whittaker v. CCIS N. of Phila., No. 10-1095, 2010 WL 1644492, at *2 (E.D. Pa. Apr. 22, 2010) ("Where a case has been removed from state court to federal court on the basis of federal question jurisdiction, the United States Supreme Court has recognized that a district court retains the discretion to remand that matter back to state court when all federal law claims have been dropped or dismissed from the action and only pendant state law claims remain.") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)).

THEREFORE,

IT IS this ___17th___ day of _October_, 2019

ORDERED that all federal claims in this case be, and hereby are, DISMISSED with prejudice and without costs; and it is further

ORDERED that the remaining state law claims in this case be, and hereby are, REMANDED to Cumberland County Superior Court, Law Division, CUM-L-0480-16; and it is further

ORDERED that the Clerk of Court shall mark this matter as CLOSED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.